# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

The ST. JOE COMPANY, a Florida
corporation,

    Plaintiff,

vs.                              CASE NO. 5:10cv57/RS-AK

GULF PINES HOSPITAL, INC.,
a dissolved Florida corporation,
et. al.

    Defendants.
_____/

## ORDER

Before me is Defendant Internal Revenue Service's motion for judgment on the pleadings (Doc. 10). Defendant argues it is entitled to judgment on the pleadings because Plaintiff's claim of a reversionary interest in the property at issue is void and unenforceable pursuant to Fla. Stat. § 689.18, which provides that no reverter provisions contained in a deed shall be valid and binding more than 21 years from the date of the deed.

Although Defendant's motion is premature pursuant to Fed. R. Civ. P. 12(c), since the majority of the Defendants in the case have yet to be served, it is clear that Fla. Stat. § 689.18(5) provides an exception for conveyances of property made to governmental entities. Reverters in deeds to governmental entities are outside of the statute's scope and are not eliminated. *See City of Coral Gables v. Old Cutler*

*Bay Homeowners Corp.*, 529 So.2d 1188, 1189 (Fla. Dist. Ct. App. 1988); ATTORNEYS' TITLE INSURANCE FUND, FUND TITLE NOTES 561 (1999). In the instant case, the initial deed that created the possibility of a reverter was a conveyance from Plaintiff to the City of Port St. Joe, a governmental entity. Thus, the conveyance falls under the exception of § 689.18(5), and the reverter provision is valid. *See id.* Therefore, judgment on the pleadings is not appropriate. Defendant's motion is **denied.**

**ORDERED** on June 3, 2010.

                                                **/s/ Richard Smoak**
                                                **RICHARD SMOAK**
                                                **UNITED STATES DISTRICT JUDGE**